IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

PARKERSBURG DIVISION

ERIE INSURANCE PROPERTY & CASUALTY
COMPANY,

        Petitioner,

v.                CIVIL ACTION NO.  6:09-cv-01532

HALFORD T. JOHNSON, et al.,

        Respondents.

**MEMORANDUM OPINION AND ORDER**

  Pending before the court are the Petitioner's Motion to Dismiss Petition for Declaratory Judgment Action and Counterclaim as Moot [Docket 38] and the Buckley Respondents' Motion for Leave to Amend Their Answer and Counterclaim to Erie's Petition for Declaratory Judgment [Docket 54].  For reasons discussed below, the respondents' Motion is **GRANTED**.  The petitioner's Motion is **DENIED** as moot.  The court **ORDERS** the parties to respond within 14 days of service of the amended pleading.

**I.**  **Background**

  This controversy arises out of a two-car accident on January 8, 2009, in Wood County, West Virginia, between Karen Johnson and Andrew and Rejena Buckley.  Andrew Buckley suffered severe spinal injuries as a result of the accident.  At the time of the accident, Karen Johnson was driving a 2000 Chevrolet Blazer (the "Blazer") owned by her husband, Halford T. "Troy" Johnson, and registered in the name of Troy's business, Dual Air Refrigeration.

Troy Johnson held at least three insurance policies with Erie at the time of the accident, including a Commercial Automobile Insurance Policy issued to "Halford T. Johnson d/b/a Dual Air Refrigeration" (the "Commercial Policy") and a personal automobile insurance policy issued to "Halford T. Johnson and Karen Johnson" (the "Personal Policy"). Erie denied coverage under the Commercial Policy because the Blazer was not listed as a covered vehicle under that policy. The dispute between the Erie and the Johnsons centered on whether the Blazer was covered under the Commercial Policy. The Johnsons did not dispute the fact that the Blazer was not listed as a covered vehicle under the Commercial Policy. They contended, however, that Erie was to blame for failing to list the Blazer on the policy. According to the Johnsons, their insurance agent, Regina Morris, "[f]or some reason, . . . listed the Blazer automobile on the [Personal Policy], rather than on the [Commercial Policy] of Dual Air Refrigeration." (Mot. Resps. Dismiss Petition Declaratory J. 2.) The Johnsons claimed to have "requested that the Blazer be listed on the Commercial Policy, but this change was never made." (*Id.* at 2.)

## II.    Procedural History

### A.    The State Court Action

The Buckleys sued the Johnsons in the Circuit Court of Wood County on August 12, 2009. *See Buckley, et al. v. Johnson*, Civ. Action No. 09-C-390 (the "underlying state action"). The Buckleys alleged negligence against Karen Johnson, negligent entrustment against Troy Johnson and Dual Air Refrigeration, and loss of consortium on behalf of the Buckleys' minor children.[1] The

---

[1] The Buckleys amended their complaint in the underlying state action to add claims of vicarious liability against "Halford T. Johnson d/b/a Dual Air Refrigeration," based on allegations that Karen Johnson was acting in the scope of employment for Dual Air Refrigeration at the time of the accident.

Johnsons also asserted a negligence claim in a Third-Party Complaint against Erie for failing to list the Blazer on the Commercial Policy.

In early November 2010, Erie reached a settlement with the Johnsons.[2]  The settlement pertained to both the underlying state action and the federal declaratory judgment, discussed below. As part of the settlement, Erie agreed to provide coverage under the Commercial Policy.  On December 7, 2010, a jury in the underlying state action found in the Buckleys' favor and awarded the Buckleys a $ 1.68 million verdict.

### B.     The Declaratory Judgment Action

On December 22, 2009, while the underlying state action was still pending, Erie filed the instant federal declaratory judgment action, naming each of the Johnsons and the Buckleys as respondents.  Erie sought a declaratory judgment from this court that the claims stemming from this accident were not covered by the Commercial Policy.  The Johnsons then filed a Motion to Dismiss on March 10, 2010 [Docket 3], asking the court to exercise its discretion under the Declaratory Judgment Act and decline to hear this case.  The following day, the Buckleys filed a Motion to Dismiss or Stay [Docket 5], contending that this case should be dismissed or stayed pending resolution of parallel state court litigation, pursuant to the *Colorado River* abstention doctrine. *See Col. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).  This court denied both of these Motions.

On April 28, 2010, the Johnsons and the Buckleys each separately answered Erie's Petition for Declaratory Judgment.  The Buckleys also filed a three count Counterclaim against Erie seeking declaratory judgment and asserting claims for "reasonable expectation" and negligence against Erie

---

[2] The date and specific terms of the settlement were not disclosed to the court.

[Docket 10]. On May 10, 2010, Erie filed a Motion to Dismiss the Buckleys' negligence counterclaim [Docket 13], and the court granted this Motion [Docket 17], leaving the Buckleys' declaratory judgment and "reasonable expectations" Counterclaims pending against Erie.

Since this court entered a Scheduling Order on July 14 2010, the parties participated in discovery, which, as evidenced by the docket, has been drawn out and contentious. The parties have jointly stipulated several times to allow Erie additional time to respond to discovery requests. In addition, the Buckleys have recently moved to compel Erie to respond to both discovery requests and to schedule depositions. These discovery disputes were referred to the Honorable Mary Stanley, Magistrate Judge for the U.S. District Court for the Southern District of West Virginia.

On November 4, 2010, Erie filed a Motion to Dismiss the Petition for Declaratory Judgment Action and Counterclaim as Moot [Docket 38]. Erie asserts that settlement of the coverage issues with the Johnsons moots Erie's Petition and, accordingly, asks this court to dismiss the declaratory judgment action. The Buckleys, however, have not agreed to dismiss their Counterclaims against Erie. Rather than respond to the Motion to Dismiss, the Buckleys filed a late Motion for Leave to Amend Their Answer and Counterclaim to Erie's Petition for Declaratory Judgment [Docket 54].[3] The Buckleys seek leave to assert six additional Counterclaims against Erie including: (1) a determination regarding the policy limits available under the Commercial Policy; (2) a finding of liability coverage under a Five Star Contractor's Policy (the "Contractor's Policy"); (3) a finding of coverage under the Medical Payments Coverage Provisions of the Commercial and Contractor's Policies; (4) a finding of liability under the West Virginia Unfair Trade Practices Act; (5) damages

---

[3] This court's Scheduling Order dated July 14, 2010, ordered, in relevant part, that all amended pleadings were due by August 19, 2010.

for Erie's bad faith; and (6) damages for Erie's abuse of process.[4]  In addition, the Buckleys seek to assert a Crossclaim against the Johnsons for abuse of process.[5]

### III.    Legal Standard

While Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that provides that leave to amend "shall be freely given when justice so requires," Rule 16(b) provides that "a schedule shall not be modified except upon a showing of good cause and by leave of the district judge."  The Fourth Circuit, addressing the "tension" between liberal amendment standard of Rule 15 and the more stringent modification standard of Rule 16 and held that

> Given their heavy case loads, district courts require the effective case management tools provided by Rule 16. Therefore, after the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings.

*Nourison Arug Corp. v. Parvizan*, 535 F.3d 295, 298 (4th Cir. 2008).  Accordingly, the party seeking amendment after the deadlines set forth in the scheduling order must satisfy the "good cause" standard of Rule 16.  Regarding Rule 16's "good cause" standard, this court has previously stated that

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.

---

[4]  As Erie's Motion to Dismiss the Petition will be moot if this court grants the Buckleys leave to amend the Answer and Counterclaim, I first address the Buckleys' Motion.

[5]  The Johnsons have not opposed or otherwise responded to the Buckley's Motion for Leave to Amend the Answer and Counterclaim.

*Stewart v. Coyne Textile Services*, 212 F.R.D. 494, 496 (S.D. W. Va. 2003) (internal quotation marks omitted).

**IV.   Analysis**

At the outset, I note the procedural bedlam that the parties have brought upon themselves and this court. This court does not take kindly to parties who waste time and judicial resources. Accordingly, while I am granting the Buckleys leave to amend their Counterclaims, I expect all of the parties to comply with all of this court's future deadlines and to cooperate with one another, to the extent possible, to determine the precise contours of the remaining controversies within this litigious triangle. This expectation extends to discovery disputes and all other matters before Magistrate Judge Stanley.

Turning now to the Buckleys' Motion to Amend, I find that the Buckleys have met Rule 16's "good cause" standard. The Buckleys assert that they should be granted leave to amend because Erie failed to reveal relevant evidence during discovery despite the Buckleys' multiple requests. Erie, in response, asserts that the Buckleys have not shown good cause because the Buckleys could have asserted *nearly* all of these "new" claims in their original Counterclaims. Erie concedes that there is at least one "new" disputed issue that was revealed in recent discovery and settlement discussions.[6] The Buckleys, however, have pointed to documents regarding the coverage of the Blazer that were only recently disclosed by Erie. In addition, Erie's conduct during the present litigation is the factual basis for several Counterclaims that the Buckleys seek to assert. There is ample support in the record to support the finding that the Buckleys have diligently pursued their

---

[6] In pleadings regarding the pending Motion to Compel, Erie in fact stated that if the Buckleys sought additional discovery then they should seek leave to amend the pleadings to properly assert additional claims, specifically claims regarding coverage limits for derivative claims.

claims. In addition, as Erie petitioned this court for a declaratory judgment regarding coverage, Erie will not be prejudiced by allowing the Buckleys to assert related coverage issues.

In replying to the Buckleys' Motion, Erie briefly addresses the legal validity of several of the Buckleys' proposed Counterclaims. At this juncture, I address only the issue of whether the Buckleys have shown good cause for amending their Counterclaims under Rule 16. Accordingly, I will delay evaluating the legal sufficiency of the Buckleys' claims until appropriate motions, if any, are filed with this court. I also, however, caution the Buckleys against squandering judicial resources by asserting frivolous counterclaims that could not plausibly entitle the Buckleys to relief.

## V. Conclusions

For the reasons discussed above, the Petitioner's Motion to Dismiss Petition for Declaratory Judgment Action and Counterclaim as Moot [Docket 38] is **DENIED** as moot. The Respondents' Motion for Leave to Amend Their Answer and Counterclaim to Erie's Petition for Declaratory Judgment [Docket 54] is **GRANTED**. The court **ORDERS** the parties to respond to within 14 days of service of the amended pleading as required by Rule 15(a)(3) of the Federal Rules of Civil Procedure. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: December 20, 2010

Joseph R. Goodwin, Chief Judge